E-FILED
Tuesday, 23 June, 2026  03:14:51 PM
Clerk, U.S. District Court, ILCD

IN THE
UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

IVAN MCGRONE,
    Plaintiff,

v.

Case No. 2:26-cv-02162-JEH

MATT BIRGE, *et al.*,
    Defendants.

## Merit Review Order

Plaintiff, proceeding *pro se* and currently incarcerated at Danville Correctional Center ("Danville"), filed a Complaint under 42 U.S.C. § 1983 alleging violations of his constitutional rights. (Doc. 1). This case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A.

### I

In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations," it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 F. App'x 588, 589 (7th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

### II

Plaintiff files suit against Wardens Matt Birge and McKenna Wenzel, Sergeants Hubbard, Davis, and Lynch, Correctional Officers Sapp, Walls, Moore,

Nelson, Smith, and Seely, and Cadets Brown, Hopskin, Smith, Garcia, Connor, Davis, Williams, Johnson, Williamson, Knockles, Lukus, Rivers, Ellison, and John Does.

At approximately 7:45 a.m. on August 26, 2025, Plaintiff alleges he was abruptly awakened by Defendant Sergeant Hubbard and approximately thirty cadets, including Defendants Brown, Hopskin, Smith, Garcia, Connor, Davis, Williams, Johnson, Williamson, Knockles, Lukus, Rivers, Ellison, and John Does. Plaintiff was informed that the cadets were going to conduct a strip search and a shakedown of his cell (3-A-13) for training purposes under Defendant Hubbard's supervision and instruction.

Defendant Hubbard allegedly directed the cadets to place Plaintiff in handcuffs in a manner that was excessively painful. Specifically, Plaintiff alleges his wrists were twisted outward with his thumbs facing upward and his hands were restrained behind his back in an unnatural, painful position. Plaintiff remained restrained in this position for approximately two hours. Plaintiff alleges he experienced pain in his wrists, shoulders, right elbow, lower back, and arms.

Plaintiff was escorted to the North Chow Hall during the shakedown exercise between 8:00 a.m. and 10:50 a.m. Plaintiff alleges he repeatedly requested to have his handcuffs loosened and for access to drinking water and the restroom, but Defendants Sergeants Davis and Lynch and Correctional Officers Sapp, Walls, Moore, Nelson, Smith, and Seely denied his requests. Plaintiff alleges he advised correctional staff that he had been awakened from sleep and had not been allowed to use the restroom prior to being restrained and escorted to the chow hall. Plaintiff alleges he involuntarily urinated on himself and was forced to sit in urine-soaked clothing, which caused humiliation, embarrassment, and emotional distress.

2

Plaintiff alleges Defendants Wardens Birge and Wenzel authorized, condoned, approved, facilitated, or failed to properly supervise and train the Cadets who participated in the shakedown exercise.

Due to the incident on August 26, 2025, Plaintiff alleges he suffered physical injuries, including pain in his lower back, shoulders, wrists, arms, and right elbow. Plaintiff claims he also experienced migraines, dizziness, blurred vision, elevated blood pressure, anxiety, and emotional distress. Plaintiff received medical treatment and medication, including Tylenol and Zoloft.

### III

### A

To proceed on an excessive force claim, Plaintiff must show that the force was applied maliciously and sadistically, not in a good faith effort to maintain or restore discipline. *Whitley v. Albers*, 475 U.S. 312, 320-21 (1986). "[W]hile a plaintiff need not demonstrate a significant injury to state a claim for excessive force under the Eighth Amendment, a claim ordinarily cannot be predicated on a *de minimis* use of physical force." *Outlaw v. Newkirk*, 259 F.3d 833, 837–38 (7th Cir. 2001) (internal citations and quotations omitted). However, if no force is necessary, even *de minimis* force may not be used. *Reid v. Melvin*, 695 F. App'x 982, 983-84 (7th Cir. 2017).

Plaintiff alleges Defendant Sergeant Hubbard directed the Cadets to place him in handcuffs in a manner that was excessively painful during a strip search and shakedown training exercise on August 26, 2025. Plaintiff alleges he remained handcuffed for approximately two hours and experienced pain in his wrists, shoulders, right elbow, lower back, and arms. The Court finds that Plaintiff has stated a colorable Eighth Amendment excessive force claim against Defendants Sergeant Hubbard and Cadets Brown, Hopskin, Smith, Garcia, Connor, Davis, Williams, Johnson, Williamson, Knockles, Lukus, Rivers, Ellison, and John Does.

Plaintiff is advised that the John Doe Cadets cannot be served. The Court will add Trent Allen, the current Warden of Danville, as a Defendant in his official capacity to facilitate the identification of the John Doe Cadets. *See Donald v. Cook Cnty. Sheriff's Dep't*, 95 F.3d 548, 556 (7th Cir. 1996) (concluding that a court may allow the case to proceed to discovery against a high-level official with the expectation that he will aid in identifying any Doe Defendants). Plaintiff may propound written discovery requests upon Warden Allen aimed solely at identifying the John Doe Cadets. After the John Doe Cadets have been identified, Warden Allen may move to be dismissed. Ultimately, it is Plaintiff's responsibility to identify the John Doe Cadets and file a motion to substitute the real names of John Doe Cadets. The failure to do so will result in the dismissal of the John Doe Cadets without prejudice.

**B**

To allege an Eighth Amendment conditions of confinement claim, Plaintiff must plead that "the conditions at issue were 'sufficiently serious' so that 'a prison official's act or omission results in the denial of the minimal civilized measure of life's necessities'" and that the prison official acted with deliberate indifference to the conditions in question. *Townsend v. Fuchs*, 522 F.3d 765, 773 (7th Cir. 2008) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). A plaintiff must allege "that an official actually knew of and disregarded a substantial risk of harm." *Petties v. Carter*, 836 F.3d 722, 728 (7th Cir. 2016).

While in the chow hall between 8:00 a.m. and 10:50 a.m., Plaintiff alleges he was denied access to the restroom, deprived of water, and remained handcuffed in a painful position during the shakedown. Plaintiff alleges he repeatedly asked Defendants Sergeants Davis and Lynch and Correctional Officers Sapp, Walls, Moore, Nelson, Smith, and Seely to loosen his handcuffs and for access to water and the restroom, but Defendants denied his requests. Plaintiff alleges he

4

involuntarily urinated on himself and was forced to sit in his urine-soaked clothes. Based on the alleged conditions during the shakedown on August 26, 2025, the Court finds that Plaintiff has stated a colorable Eighth Amendment conditions of confinement claim against Defendants Davis, Lynch, Sapp, Walls, Moore, Nelson, Smith, and Seely.

### C

Plaintiff alleges Defendants Wardens Birge and Wenzel "authorized, condoned, approved, facilitated, or failed to properly supervise and train cadets participating in the trainee shakedown operation." (Doc. 1 at p. 14, ¶ 49). There is no *respondeat superior* under § 1983. In other words, Defendants Birge and Wenzel cannot be liable based only on their supervisory position. *Doe v. Purdue Univ.*, 928 F.3d 652, 664 (7th Cir. 2019). Officials are accountable for their own acts; they are not vicariously liable for the conduct of subordinates. *See Ashcroft v. Iqbal*, 556 U.S. 662, 667 (2009); *Vance v. Rumsfeld*, 701 F.3d 193, 203-05 (7th Cir. 2012) (en banc). Defendants Birge and Wenzel are dismissed without prejudice for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) and § 1915A.

### IV

Plaintiff filed a Motion to Request Counsel asking the Court to appoint an attorney to represent him. (Doc. 5). "There is no right to court-appointed counsel in federal civil litigation." *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014) (citing *Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007)). When evaluating a Motion to Request Counsel, the Court must consider: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt*, 503 F.3d at 655.

Plaintiff does not state what attempts he made to obtain counsel. Demonstrating a reasonable effort to obtain representation typically requires

submitting letters from several attorneys declining assistance and copies of any documents which show Plaintiff tried to find an attorney. *See Olson*, 750 F.3d at 711. Plaintiff has not demonstrated a reasonable attempt to secure his own lawyer. Because Plaintiff has not satisfied the first prong of *Pruitt*, the Court does not address the second. *Eagan v. Dempsey*, 987 F.3d 667, 682 (7th Cir. 2021). Plaintiff's Motion is DENIED, with leave to renew. If Plaintiff renews his Motion, he is directed to attach copies of letters he sent to or received from prospective counsel, list the attorneys or law firms he contacted, and indicate whether he received a response.

**IT IS THEREFORE ORDERED:**

1) According to the Court's Merit Review of Plaintiff's Complaint under 28 U.S.C. § 1915A, Plaintiff alleged sufficient facts to proceed on (1) an Eighth Amendment claim against Defendants Hubbard, Brown, Hopskin, Smith[1], Garcia, Connor, Davis, Williams, Johnson, Williamson, Knockles, Lukus, Rivers, Ellison, and John Does (unknown cadets) based on the alleged use of excessive force on August 26, 2025, and (2) an Eighth Amendment conditions of confinement claim against Defendants Davis, Lynch, Sapp, Walls, Moore, Nelson, Smith[2], and Seely for allegedly denying Plaintiff access to the restroom, depriving him of water, refusing to loosen his painful handcuffs, and forcing him to sit in urine-soaked clothes in the chow hall during a shakedown on August 26, 2025. Additional claims shall not be included in the case above, except in the Court's discretion on motion by a party for good cause shown under Federal Rule of Civil Procedure 15.

2) The Clerk is directed to ADD Trent Allen, the current Warden of Danville Correctional Center, as a Defendant (in his official capacity only) to assist Plaintiff in identifying the John Doe Cadets. Plaintiff may propound written

---

[1] Defendant Smith is a Cadet. Plaintiff also files suit against Correctional Officer Smith.
[2] Defendant Smith is a Correctional Officer. Plaintiff also files suit against Cadet Smith.

6

discovery requests upon Warden Allen aimed solely at identifying the John Doe Cadets. After the John Doe Cadets have been identified, Warden Allen may move to be dismissed. Ultimately, it is Plaintiff's responsibility to identify the John Doe Cadets and file a motion to substitute the real names of the John Doe Cadets. The failure to do so will result in the dismissal of the John Doe Cadets without prejudice.

3)    Defendants Matt Birge and McKenna Wenzel are DISMISSED WITHOUT PREJUDICE for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) and. § 1915A. The Clerk is directed to TERMINATE Defendants Matt Birge and McKenna Wenzel.

4)    Plaintiff's Motion to Request Counsel [5] is DENIED.

5)    This case is now in the process of service. The Court advises Plaintiff to wait until counsel has appeared for Defendants before filing any motions to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time unless otherwise directed by the Court.

6)    The Court will attempt service on Defendants by mailing a waiver of service. If Defendants fail to sign and return a waiver of service to the Clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshals Service on Defendants and will require Defendants to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

7)    Defendants shall file an answer within 60 days of the date the Clerk sends the waiver of service. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Order. In

general, an answer sets forth Defendants' position. The Court does not rule on the merits of those positions unless and until Defendants file a motion. Therefore, no response to the answer is necessary or will be considered. If Defendants have not filed an answer or appeared through counsel within 90 days of the entry of this Order, Plaintiff may file a motion requesting the status of service. After Defendants have been served, the Court will enter a scheduling order setting discovery and dispositive motion deadlines.

8)    If Defendants no longer work at the address Plaintiff provided, the entity for whom Defendants worked while at that address shall submit to the Clerk Defendants' current work address, or, if not known, Defendants' forwarding address. This information shall be used only for effectuating service. Documentation of Defendants' forwarding address shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

9)    This District uses electronic filing, which means that after Defendants' counsel has filed an appearance, Defendants' counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk. Plaintiff does not need to mail to Defendants' counsel copies of motions and other documents that Plaintiff has filed with the Clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the Clerk. Plaintiff must mail his discovery requests and responses directly to Defendants' counsel. Discovery requests or responses sent to the Clerk will be returned unfiled unless they are attached to and the subject of a motion to compel. Discovery does not begin until Defendants' counsel has filed an appearance and the Court has entered a scheduling order, which will explain the discovery process in more detail.

10)    Defendants' counsel is hereby granted leave to depose Plaintiff at Plaintiff's place of confinement. Defendants' counsel shall arrange the time for the deposition.

11)    Plaintiff shall immediately inform the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

12)    Plaintiff shall be provided a copy of all pertinent medical records upon request.

13)    Within 10 days of receiving from Defendants' counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to Defendants' counsel. The Clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

14)    The Clerk is directed to set an internal court deadline 60 days from the entry of this Order for the Court to check on the status of service and enter scheduling deadlines.

*It is so ordered.*

Entered: June 23, 2026

s/Jonathan E. Hawley
U.S. District Judge